## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Case No.:

MARK HALSTROM, on behalf of himself and all
others similarly situated,

       Plaintiff,

vs.

BOLT TECHNOLOGY CORPORATION,
JOSEPH ESPESO, MICHAEL C. HEDGER,
STEPHEN F. RYAN, KEVIN M. CONLISK,
PETER J. SICILIANO, GERALD A. SMITH,
MICHAEL H. FLYNN, GEORGE R.
KABURECK, RAYMOND M. SOTO,
TELEDYNE TECHNOLOGIES
INCORPORATED, and
LIGHTNING MERGER SUB, INC.,

       Defendants.

---

## NOTICE OF REMOVAL

       PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453, as well as 15 U.S.C. § 78bb(f), defendants Teledyne Technologies Incorporated and Lightning Merger Sub, Inc., by their undersigned attorneys, submit this Notice of Removal from the Superior Court of the State of Connecticut, Judicial District of Stamford-Norwalk at Stamford, in which the above-captioned case is now pending, to the United States District Court for the District of Connecticut and, in support of said Notice, state as follows:[1]

---

[1]    In filing this Notice of Removal, Teledyne Technologies Incorporated and Lighting Merger Sub, Inc. do not waive any defenses that may be available to them, including but not limited to failure to state a claim on which relief can be granted and lack of personal jurisdiction as to Teledyne Technologies Incorporated.

**NATURE OF THE ACTION**

1.     This action, styled, *MARK HALSTROM, on behalf of himself and all others similarly situated, vs. BOLT TECHNOLOGY CORPORATION, JOSEPH ESPESO, MICHAEL C. HEDGER, STEPHEN F. RYAN, KEVIN M. CONLISK, PETER J. SICILIANO, GERALD A. SMITH, MICHAEL H. FLYNN, GEORGE R. KABURECK, RAYMOND M. SOTO, TELEDYNE TECHNOLOGIES INCORPORATED and LIGHTNING MERGER SUB, INC., Defendants,* was filed in the Superior Court of the State of Connecticut, Judicial District of Stamford-Norwalk at Stamford, on September 18, 2014.

2.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint ("Compl.") and summons are attached hereto as Exhibit A.

**BASES FOR REMOVAL**

**I.     THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT (CAFA)**

3.     Plaintiff's putative class action fits within the definition of federal diversity jurisdiction as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified as amended in scattered sections of U.S. Code, Title 28) ("CAFA"), in that it is (i) a putative class action, (ii) with "minimal diversity," and has (iii) at least $5,000,000 in controversy.  28 U.S.C. § 1332(d)(2); *see, e.g., Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 57 (2d Cir. 2006).

**A.      Class Action**

4.      A "class action" is defined by CAFA as any civil action filed under Fed. R. Civ. P. 23 or "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

5.      Plaintiff's lawsuit meets the definition of a "class action" under 28 U.S.C. § 1332(d)(1)(B) because, *inter alia,* it is styled as such and contains "Class Action Allegations."  Compl. ¶¶ 1, 28-35.

**B.      Diversity of Citizenship**

6.      CAFA requires only minimal diversity.  Therefore, a district court has original jurisdiction of any civil action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  That requirement is met here.

7.      For the purposes of diversity jurisdiction, the citizenship of a corporation is "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  *Id.*  § 1332(c)(1).

8.      For the purposes of diversity jurisdiction, the citizenship of an individual depends on his or her domicile.  *See*, *e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)).

9.      Defendant Bolt Technology Corporation is a Connecticut corporation with its principal place of business in Connecticut.

10.      Defendant Joseph Espeso is domiciled in Connecticut.

11.      Defendant Michael C. Hedger is domiciled in Georgia.

12.     Defendant Stephen F. Ryan is domiciled in Connecticut.

13.     Defendant Kevin M. Conlisk is domiciled in Connecticut.

14.     Defendant Peter J. Siciliano is domiciled in Connecticut.

15.     Defendant Gerald A. Smith is domiciled in South Carolina.

16.     Defendant Michael H. Flynn is domiciled in Florida.

17.     Defendant George R. Kabureck is domiciled in Florida.

18.     Defendant Raymond M. Soto is domiciled in Connecticut.

19.     Defendant Teledyne Technologies Incorporated is a Delaware corporation with its principal place of business in California.

20.     Defendant Lightning Merger Sub, Inc. is a Connecticut corporation.

21.     Upon information and belief, including the Cover Page/Summons-Civil to the Complaint, Plaintiff is domiciled in Seattle, Washington.  Exhibit A, Cover Page.

22.     Because at least one member of the putative class is minimally diverse from some of the Defendants, CAFA's minimal diversity requirement is met.[2]

**C.     Amount in Controversy**

23.     Under CAFA, a district court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs . . . ."  28 U.S.C. § 1332(d)(2).  In determining the amount in controversy, the "claims of individual class members shall be aggregated."  *Id.* § 1332(d)(6).  Here, the Complaint seeks an injunction and possible rescissionary damages for a merger with a total equity value of approximately $171,000,000, with a $7,500,000

---

[2]     Alternatively, the Complaint alleges that there are "hundreds, if not thousands," of putative class members. (Compl. ¶29).  Obviously, these stock holders are geographically dispersed throughout the U.S, which would make removal appropriate under 28 U.S.C. § 1332(d)(11)(A) as a "mass action" with minimal diversity.

fee to be paid if the transaction is not consummated.  *See* Compl. ¶¶ 3, 6. As a result, accepting as true the allegations of the Complaint, the amount in controversy, including the potential rescissionary damages, is well in excess of the $5,000,000 CAFA threshold. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 346 (1977) (superseded on other grounds) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation").

        **D.**       **Plaintiffs Bear the Burden of Proving That Any Exceptions to CAFA Apply**

24.     The party opposing removal jurisdiction has the burden of proof as to the applicability of either the discretionary or mandatory exceptions of removal under CAFA. *See, e.g., New Jersey Carpenters Vacation Fund v. Harborview Mortgage Loan Trust 2006-4*, 581 F. Supp. 2d 581, 583 (S.D.N.Y. 2008).  Without conceding that they have the burden of proof regarding these exceptions, removing Defendants assert in good faith that Plaintiff's Complaint does not come within any of the exceptions to CAFA jurisdiction contained in 28 U.S.C. § 1332. *E.g. Puglisi v. Citigroup Alternative Investments, LLC*, 2009 WL 1515071 (S.D.N.Y. 2009).

**II.**     **IN THE ALTERNATIVE, THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO THE SECURITIES LITIGATION UNIFORM STANDARDS ACT (SLUSA)**

25.     In the alternative to removal under CAFA, the case is removable under the Securities Litigation Uniform Standards Act (SLUSA), 15 U.S.C. § 78bb(f), because the action concerns alleged conduct that has allegedly improperly suppressed, and deprived shareholders of, the true and full value of  a "covered security" in connection with a sale or potential sale of the covered security; further, this action is not based solely upon the

statutory or common law of Connecticut and does not plead a recommendation, position or communication to shareholders with respect to the sale of securities.  *See*, *e.g.*, Compl. ¶¶ 4, 27, 30(d), 53, 55, 58 and 70.  In fact, paragraph 30(d) of the Complaint expressly pleads that the following question is raised by the litigation: "Whether the Individual Defendants violated *the federal securities laws*." (emphasis added).

### III.   IN THE ALTERNATIVE, THIS COURT HAS FEDERAL QUESTION SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §1331

26.   In the alternative, this action involves substantial questions of federal law in that, *inter alia*, it concerns allegations about federal securities law including assertions that Bolt's stock price was allegedly artificially suppressed. *See*, *e.g.*, Compl. ¶¶ 4, 27, 30(d), 53, 55, 58 and 70.  In fact, paragraph 30(d) of the Complaint expressly pleads that the following question is raised by the litigation: "Whether the Individual Defendants violated *the federal securities laws*." (emphasis added).

### PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

27.   This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is original jurisdiction and the District of Connecticut embraces the place where the state court action is currently pending.  28 U.S.C. § 86.

28.   This Notice of Removal is timely under 28 U.S.C. § 1446(b) as it has been filed within 30 days of the date on which a copy of the Complaint was received by Teledyne Technologies Incorporated and Lightning Merger Sub, Inc. Teledyne Technologies Incorporated and Lightning Merger Sub, Inc. received the Complaint on September 22, 2014.

29.   This Notice of Removal is also appropriate under 28 U.S.C. § 1453(b), which provides that "[a] class action may be removed to a district court of the United

States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."

30.     This Notice of Removal is also appropriate under 15 U.S.C. § 78bb(f)(2).

31.     Consents to Removal from all Defendants other than Teledyne Technologies Incorporated and Lightning Merger Sub, Inc. have been obtained and are attached as Exhibit B, although no such consent is required for removal under CAFA.

32.     Written notice of this filing will be promptly provided to all adverse parties, and a copy of this Notice of Removal will be promptly filed in the appropriate State court, as required by 28 U.S.C. § 1446(d).

WHEREFORE, the above-described action now pending against the Defendants, including Teledyne Technologies Incorporated, and Lightning Merger Sub, Inc., in the Superior Court of the State of Connecticut, Judicial District of Stamford-Norwalk at Stamford, is hereby properly removed to this Court.

Dated: September 24, 2014

Respectfully submitted,

/s/ Shawn Fox
Shawn Fox (No. CT26685)
Laurent S. Wiesel
(application for *pro hac vice* admission to follow)
Kristina M. Allen
(application for *pro hac vice* admission to follow)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Fl.
New York, NY 10105
Phone: 212-548-2140
Fax:    212-715-6281

Walter P. DeForest
(application for pro hac vice admission to follow)
David J. Berardinelli
(application for pro hac vice admission to follow)
Steven K. Schartup
(application for pro hac vice admission to follow)
DeForest Koscelnik Yokitis & Berardinelli
436 Seventh Ave., 30th Fl.
Pittsburgh, PA  15219
Phone:  412-227-3100
Fax:    412-227-3130


Attorneys for Defendants
Teledyne Technologies Incorporated and
Lightning Merger Sub, Inc.

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

Case No.:

MARK HALSTROM, on behalf of himself and all
others similarly situated,

       Plaintiff,

vs.

BOLT TECHNOLOGY CORPORATION,
JOSEPH ESPESO, MICHAEL C. HEDGER,
STEPHEN F. RYAN, KEVIN M. CONLISK,
PETER J. SICILIANO, GERALD A. SMITH,
MICHAEL H. FLYNN, GEORGE R.
KABURECK, RAYMOND M. SOTO,
TELEDYNE TECHNOLOGIES
INCORPORATED, and
LIGHTNING MERGER SUB, INC.,

       Defendants.

---

### CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September 2014, a copy of the foregoing

Notice of Removal was filed electronically and served by mail on the following parties:

Shannon L. Hopkins
Sebastiano Tornatore
LEVI & KORSINSKY LLP
733 Summer Street, Suite 304
Stamford, CT  06901

*Attorneys for Plaintiff*

Frank J. Silvestri, Jr.
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Westport, CT  06880


John J. Tumilty
Scott R. Magee
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA  02199

*Attorneys for Bolt Technology Corporation, Joseph Espeso, Michael C. Hedger, Stephen F. Ryan, Kevin M. Conlisk, Peter J. Siciliano, Gerald A. Smith, Michael H. Flynn, George R. Kabureck, and Raymond M. Soto*


/s/ Shawn Fox
Shawn Fox (No. CT26685)
Laurent S. Wiesel
(application for *pro hac vice* admission to follow)
Kristina M. Allen
(application for *pro hac vice* admission to follow)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Fl.
New York, NY 10105
Phone: 212-548-2140
Fax:    212-715-6281

Attorneys for Defendants
Teledyne Technologies Incorporated and
Lightning Merger Sub, Inc.

2