# Exhibit A

## SUMMONS - CIVIL

JD-CV-1  Rev. 2-13
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 123 Hoyt Street, Stamford, CT 06905 | (203) 965-5308 | October 7, 2014 |

| ☒ Judicial District / ☐ Housing Session | G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349): Stamford | Case type code (See list on page 2)  Major: M   Minor: 90 |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Levi & Korsinsky LLP, 733 Summer Street, Suite 304, Stamford, CT 06901 | 435725 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| (212) 363-7500 | |

Number of Plaintiffs: 1   Number of Defendants: 12   ☒ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Halstrom, Mark<br>Address: 7903 10th Ave. SW<br>Seattle, WA 89106 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Bolt Technology Corporation<br>Address: 4 Duke Place, Norwalk, CT 06854<br>c/o Data Reporting Corp., 330 Roberts Street, Suite 203, East Hartford, CT 06108-3654 | D-01 |
| Additional Defendant | Name: Soto, Raymond M.<br>Address: c/o Data Reporting Corp., 330 Roberts Street, Suite 203, East Hartford, CT 06108-3654<br>Agent for Service for: Bolt Technology Corp., 4 Duke Place, Norwalk, CT 06854 | D-02 |
| Additional Defendant | Name: Hedger, Michael<br>Address: c/o Data Reporting Corp., 330 Roberts Street, Suite 203, East Hartford, CT 06108-3654<br>Agent for Service for: Bolt Technology Corp., 4 Duke Place, Norwalk, CT 06854 | D-03 |
| Additional Defendant | Name: Espeso, Joseph<br>Address: c/o Data Reporting Corp., 330 Roberts Street, Suite 203, East Hartford, CT 06108-3654<br>Agent for Service for: Bolt Technology Corp., 4 Duke Place, Norwalk, CT 06854 | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court / ☐ Assistant Clerk | Name of Person Signing at Left: Sebastiano Tornatore | Date signed: 9/18/14 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
Sebastiano Tornatore, 733 Summer St, Suite 304, Stamford, CT 06901

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court / ☐ Assistant Clerk | Date: 9/18/14 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2   Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff (Last, First, Middle Initial)
Halstrom, Mark

First named Defendant (Last, First, Middle Initial)
Bolt Technology Corporation

## Additional Plaintiffs

| Name (Last, First, Middle Initial, if individual) | Address (Number, Street, Town and Zip Code) | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name (Last, First, Middle Initial, if individual) / Address (Number, Street, Town and Zip Code) | CODE |
|---|---|
| Conlisk, Kevin -- c/o Data Reporting Corp., 330 Roberts Street, Suite 203, East Hartford, CT 06108-3654<br>Agent for Service for: Bolt Technology Corp., 4 Duke Place, Norwalk, CT 06854 | 05 |
| Flynn, Michael -- c/o Data Reporting Corp., 330 Roberts Street, Suite 203, East Hartford, CT 06108-3654<br>Agent for Service for: Bolt Technology Corp., 4 Duke Place, Norwalk, CT 06854 | 06 |
| Kabureck, George -- c/o Data Reporting Corp., 330 Roberts Street, Suite 203, East Hartford, CT 06108-3654<br>Agent for Service for: Bolt Technology Corp., 4 Duke Place, Norwalk, CT 06854 | 07 |
| Ryan, Stephen -- c/o Data Reporting Corp., 330 Roberts Street, Suite 203, East Hartford, CT 06108-3654<br>Agent for Service for: Bolt Technology Corp., 4 Duke Place, Norwalk, CT 06854 | 08 |
| Siciliano, Peter -- c/o Data Reporting Corp., 330 Roberts Street, Suite 203, East Hartford, CT 06108-3654<br>Agent for Service for: Bolt Technology Corp., 4 Duke Place, Norwalk, CT 06854 | 09 |
| Smith, Gerald -- c/o Data Reporting Corp., 330 Roberts Street, Suite 203, East Hartford, CT 06108-3654<br>Agent for Service for: Bolt Technology Corp., 4 Duke Place, Norwalk, CT 06854 | 10 |
| Teledyne Technologies Inc.<br>c/o National Corporate Research, Ltd., 615 S. Dupont Highway, Dover, DE 19901 | 11 |
| Lightning Merger Sub, Inc.<br>c/o National Corporate Research, Ltd., 330 Roberts Street, Suite 203, East Hartford, CT 06108-3654 | 12 |

FOR COURT USE ONLY - File Date

13

14   Docket number

CIVIL SUMMONS-Continuation

| | |
|---|---|
| RETURN DATE: OCTOBER 7, 2014 | : SUPERIOR COURT |
| MARK HALSTROM, individually and on behalf of all others similarly situated | : |
| Plaintiff, | : JUDICIAL DISTRICT OF : STAMFORD/NORWALK |
| v. | : AT STAMFORD |
| BOLT TECHNOLOGY CORPORATION, RAYMOND M. SOTO, MICHAEL HEDGER, JOSEPH ESPESO, KEVIN CONLISK, MICHAEL FLYNN, GEORGE KABURECK, STEPHEN RYAN, PETER SICILIANO, GERALD SMITH, TELEDYNE TECHNOLOGIES INCORPORATED, AND LIGHTNING MERGER SUB, INC. | : : : CLASS ACTION COMPLAINT : : : : : SEPTEMBER 18, 2014 |
| Defendants. | : |

Plaintiff Mark Halstrom ("Plaintiff"), on behalf of himself and all others similarly situated, by and through the undersigned counsel, alleges the following upon information and belief, including the investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## SUMMARY OF THE ACTION

1. This is a stockholder class action brought by Plaintiff on behalf of himself and all other similarly situated public stockholders of Bolt Technology Corporation ("Bolt" or the "Company") against the Company's Board of Directors (the "Board" or the "Individual Defendants") for breaches of fiduciary duties, and against Teledyne Technologies Incorporated ("Teledyne") and Lightning Merger Sub, Inc. ("Merger Sub") for aiding and abetting such breaches of fiduciary duties.

2. Headquartered in Norwalk, Connecticut, Bolt is a leading developer, manufacturer, and retailer of marine seismic data acquisition equipment and underwater remotely operated

1

robotic vehicles worldwide through its four distinct business segments. In its Seismic Energy Sources segment, the Company develops, manufactures, and sells seismic energy sources, such as air guns, used in seismic exploration to create acoustic waves at frequencies that penetrate the ocean bed and assist in the exploration of offshore gas and natural gas concentrations. Bolt's Underwater Cables and Connectors segment provides the necessary cables to link its seismic energy sources to the vessel itself and develops the necessary monitoring devices to ensure that the equipment functions properly. In its Seismic Energy Source Controllers segment, the Company develops, manufactures, and sells controllers and synchronizers, including data loggers and auxiliary equipment, for seismic energy sources. Finally, the Company's Underwater Robotic Vehicles segment manufactures mini underwater remotely operated vehicles used to perform a multitude of submarine tasks.

3. On September 3, 2014, the Company announced that it had entered into a definitive Agreement and Plan of Merger (the "Merger Agreement") with Teledyne pursuant to which Merger Sub will merge with and into the Company, rendering the Company a wholly owned subsidiary of Teledyne (the "Proposed Transaction"). As a result of the merger, Bolt stockholders are anticipated to receive $22.00 in cash in exchange for each share of Bolt they own (the "Merger Consideration"). The aggregate value of the Proposed Transaction is approximately $171 million, taking into account Bolt's stock options outstanding and net cash as of March 31, 2014.

4. The Proposed Transaction undervalues Bolt and is the result of an entirely unfair sales process. The $22.00 Merger Consideration is wholly insufficient when one realizes that the Company's stock traded near or above this number as recently as the first quarter of 2014. Furthermore, the Company's stock price in the recent past has been artificially deflated because of

2

Company management's cautious related to future orders in its underwater robotic division, while failing to properly value Bolt's recent breakthroughs in its Seismic Energy Sources segment.

5. Moreover, given the overall strength of the Company and its poise for continued control over its niche market, Teledyne will acquire Bolt at an unreasonably low price if the Proposed Transaction is permitted to close. Prior to the announcement of the deal, the Company reported highly positive financial results for Fiscal Year ended June 30, 2014. On August 13, 2014, the Company reported that, for the fiscal year, Bolt recorded sales in the amount of $67.5 million, a 17% increase over the prior year. The Company also enjoyed a 32% increase in income before income taxes and net income of nearly $8.15 million (or $0.94 of earnings per share), as compared to $6.7 million in the prior year. These results were achieved despite a $2.5 million contingent earnout charge and were driven by the success of the Company's underwater robotic vehicle unit.

6. Compounding the failure to provide adequate consideration, the sales and negotiation process leading up to the consummation of the Merger Agreement was fundamentally flawed. Specifically, pursuant to the Merger Agreement, defendants agreed to: (i) a strict no-solicitation provision that prevents the Company from soliciting other potential acquirers or even in continuing discussions and negotiations with potential acquirers; (ii) a matching rights provision that requires the Company to disclose confidential information about competing bids to Teledyne within twenty-four hours; (iii) a provision that provides Teledyne with five (5) business days to merely match any competing proposal in the event one is made; and (iv) a termination and expense fee provision that require the Company to pay Teledyne $7.5 million in order to accept an alternative, superior offer.

3

7. In addition, each of the Individual Defendants and certain executive officers of the Company, who collectively own 5.6% of all outstanding shares of Bolt common stock have entered into shareholder agreements ("Shareholder Agreements") with Teledyne whereby they have agreed, *inter alia*, to vote their shares in favor of the Proposed Transaction..

8. These deal protection provisions and Shareholder Agreements, particularly when considered collectively, substantially and improperly limit the Board's ability to act with respect to investigating and pursuing superior proposals and alternatives, including a sale of all or part of Bolt.

9. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Individual Defendants' violations of their fiduciary duties of loyalty, good faith, and due care.

## THE PARTIES

10. Plaintiff is, and has been at all relevant times, the owner of common stock of Bolt.

11. Bolt is a corporation organized and existing under the laws of the state of Connecticut, with its principal executive offices located at Four Duke Place, Norwalk, Connecticut 06854. Bolt's common stock is traded on the NASDAQ Global Select Market exchange under the ticker symbol "BOLT."

12. Defendant Raymond M. Soto ("Soto") is the Company's Chief Executive Officer and Chairman of the Board. He has held these positions since 1990 and 1997, respectively. Soto has been a member of the Board since 1979 and previously held the position of President of the Company from 1990 to November 2011. Soto is also the Chair of the Company's Executive Committee.

13.    Defendant Michael Hedger ("Hedger") has been the President and Chief Operating Officer of the Company since November 2011, Executive Vice President of the Company from March 2010 to November 2011, President of A-G Geophysical products, Inc., a wholly-owned subsidiary of the Company, since 2002, and a director of the Company since 2007. Hedger is also a member of the Company's Executive Committee.

14.    Defendant Joseph Espeso ("Espeso") has been the Senior Vice President—Finance and Chief Financial Officer of the Company since 2001 and a director since 1999.

15.    Defendant Kevin Conlisk ("Conlisk") has been a director of the Company since 1996. Conlisk is also a member of the Company's Executive, Audit, Executive Compensation, and Nominating Committees.

16.    Defendant Michael Flynn ("Flynn") has been a director of the Company since 2002. Flynn is also the Chair of the Company's Nominating Committee and a member of the Executive Compensation Committee.

17.    Defendant George Kabureck ("Kabureck") has been a director of the Company since 2002. Kabureck is also the Chair of the Company's Executive Compensation Committee and a member of the Nominating Committee.

18.    Defendant Stephen Ryan ("Ryan") has been a director of the Company since 2004. Ryan is also a member of the Company's Executive Compensation and Nominating Committees.

19.    Defendant Peter Siciliano ("Siciliano") has been a director of the Company since 2011. Siciliano is also a member of the Company's Audit, Executive Compensation, and Nominating Committees.

20.     Defendant Gerald Smith ("Smith") has been a director of the Company since 1993. Smith is also the Chair of the Company's Audit Committee and a member of the Executive, Executive Compensation, and Nominating Committees.

21.     Defendant Teledyne is a corporation organized and existing under the laws of the state of Delaware, with principal executive offices located at 1049 Camino Dos Rios, Thousand Oaks, California 91360, that manufactures and sells aerospace and defense products primarily in the United States and Canada. Teledyne common stock is traded on the New York Stock Exchange under the ticker symbol "TDY."

22.     Defendant Merger Sub is a Connecticut corporation and wholly owned subsidiary of Teledyne.

23.     Collectively, Bolt, the Individual Defendants, Teledyne, and Merger Sub are referred to herein as the "Defendants."

## THE FIDUCIARY DUTIES OF THE INDIVIDUAL DEFENDANTS

24.     By reason of the Individual Defendants' positions with the Company as officers and/or directors, they are in a fiduciary relationship with Plaintiff and the other public shareholders of Bolt and owe them, as well as the Company, a duty of care, loyalty, good faith, and independence.

25.     Specifically, when the directors of a publicly traded corporation undertake a transaction that will result in either a change in corporate control or a break-up of the corporation's assets, the directors have an affirmative fiduciary obligation to obtain the highest value reasonably available for the corporation's shareholders and, if such transaction will result in a change of corporate control, the shareholders are entitled to receive a significant premium. To comply with their fiduciary duties, the Individual Defendants may not take any action that: